*353
The Court

(S. Chase, Ch. J. and J. T. Chase, J.)
were of opinion, and directed the jury, that after the said money was thus tendered and refused in the first case, it operated in that case as a payment or extinguishment to its amount, and then might be again tendered as to the next debt in the manner it was done, and by being so refused, it operated as payment or discharge to its amount on the second debt, and in like manner on the third debt. The plaintiffs’ counsel excepted to this opinion.
The plaintiff appealed to the court of appeals, and the case came on for argument before the court of appeals at June term, 1797.
*354 It is extremely clear, that a tender at common law did not vest the money in the party to whom it was tendered, without his acceptance of it. Nay, at common law it did not even discharge the debt, and the debtor, to avail himself of it, must plead it with an encore prist, and bring it into court for the creditor then to take it if he will. To prove that the money does not vest in the creditor, it is only necessary to observe, that if the creditor join issue upon the tender, and it be found against him, he has no right to the money brought into court, and cannot take it out of court. This, I apprehend, is strict law, and so are all the old cases. The later cases go to admit the creditor to take out the money, but more upon principles of equity than law.
If that is the case at common law, it remains to be considered under the act of assembly. There is nothing in the act that goes to vest the money in the creditor upon the tender. It is apprehended that the only change in the common law, produced by this act of assembly in the case of tenders under the act, is this, that a tender and refusal (which at common law without more, would operate nothing) is, under the act of assembly, a complete extinguishment. A man cannot be compelled to receive money, though he may be punished for not doing it. This the legislature seemed aware of. He refused to have this money; it was, therefore, never his. The punishment prescribed by law is a loss of his debt. He will not have the money ; upon every principle he has a right to refuse it; he has done so. The act does not vest the money in him ; that would be a benefit to him : but it extinguishes the debt due to him; that is a punishment the act intended to inflict upon him:- (See the act of February, 1T77, c. 9.)
Martin, (Attorney-General,) for the appellants.
Ik *355 answer to the appellee’s counsel, I can only observe, that I do not think any just argument can be drawn from the law of tenders, as it was antecedent to the act of assembly.
The tender destroyed no right, nor took away any interest. .
In order to avail the appellee of such tender, he must state that he tendered the debt; that he had ever since kept the money ready, and must bring the money into court ready to pay.
If the fact is true, the appellants lose their interest from the time of tender, and costs ; because, as the appellee has kept the money ready for him, and made no use of it, he ought not to be answerable for interest, having had no benefit from it; and having offered the money, and always having been ready to pay it, and bringing it into court upon return of the writ, he, having been guilty of no default, ought not to pay costs. But the plaintiffs may show a subsequent demand and neglect to pay, in which case, the defendant will be answerable for interest and costs, the same as if he had made no tender.
In the present case, we must consider the act of assembly. It has established a new principle. It has made a tender of money, and a refusal to receive, a payment. It has forced persons to take money, and has put a tender and refusal of the same effect as if the money had been received; that is, it gives the person who had tendered an interest in what otherwise did not belong to him, to wit, the debt, and that against the will of the creditor. It, by legal operation against his will, deprives him of a certain interest or property, to wit, the debt.
But wherever the laws of one’s country deprives a person of his property, in course of judicial or legal proceeding, it vests in him a right to that equivalent, which is by the laws substituted in the place.
An action of trover being brought, a judgment is re? *356 covered for damages. The damages being paid, the right of property is altered as to the thing; so in detinue, value being paid, one has a right to the value, the other to the thing ; so in replevin, if elongatum is returned, and a proceeding in •withernam takes place, the plaintiff obtains a right in the property delivered to him; the defendant obtains a right to the other property.
■ The act of assembly is not inflicting punishment on the parties, but it makes a tender and refusal of the same effect as a receipt of the money — equal to a payment: on a receipt of the money, the money received belongs to the creditor, and the debt is discharged.
Where money is tendered,though refused, the law'says it is a payment and extinguishment of the debt. Surely, then, on the same principle, the creditor thereby is entitled to the money in the same manner. The debtor has tire same benefit, and the law has forced it on the creditor, though against his will, as in all the other cases ; for where a person sues for any particular thing, and instead of getting it, is obliged to take damages; by operation of law he is forced to take the one instead of the other, contrary to his will.
■ This construction also answers every salutary purpose. It makes the continental money answer all the purposes intended. The debt becomes paid; and surely the creditor ought to be entitled, though against his will, to, that which by law has been forced upon him as an equivalent for that which was his due.
The court of appeals reversed the judgment of the general court, and remitted the record to the general court with a procedendo»